IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
2002 FEB 20 PM 2: 42
CLERK
U.S. DISTRICT COURT

CECIL R. TALIAFERRO, )
)
        Plaintiff, )
)
v. ) Case No. 02 0514
) Holderman
BOARD OF TRUSTEES OF )
COMMUNITY COLLEGE DISTRICT )
NO. 508 )
        Defendant. )

## NOTICE OF FILING

To:

**PLEASE TAKE NOTICE** that on the ___20th___ day of _February_, 2002, we filed with the United States District Court for the Northern District of Illinois Eastern Division, the attached *DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW*.

_____
KWAME RAOUL
Staff Counsel
ARDC # 06217240

City Colleges of Chicago
Office of the General Counsel
226 West Jackson Boulevard, 14th Floor
Chicago, Illinois 60606
(312) 553-2920

## CERTIFICATE OF SERVICE

I, _Kwame Raoul_, certify that I served a copy of this notice by mailing a copy of same to the above listed person at the above listed address by depositing same in the U.S. Mail at 226 W. Jackson Blvd., Chicago, Illinois on _February 20_, 2002 at 5:00 p.m.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
2002 FEB 20 PM 2:42
CLERK
U.S. DISTRICT COURT

CECIL R. TALIAFERRO, )
)
        Plaintiff, )
)
v. ) Case No. 02 C 0514
)
BOARD OF TRUSTEES OF )
COMMUNITY COLLEGE DISTRICT )
NO. 508 )
        Defendant. )

## ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, Board of Trustees of Community College District No. 508, County of Cook and State of Illinois, City Colleges of Chicago, by and through its attorneys, Yolande Bourgeois, General Counsel, and Kwame Raoul, Staff Attorney, for its answer to the complaint herein states as follows:

## COUNT I – TITLE VII

1.    Plaintiff brings this cause pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1991. Jurisdiction also arises pursuant to 28 U.S.C. § 1343(4).

    ANSWER:    Defendant admits only that the statutes cited in paragraph No. 1 of plaintiff's complaint exist and they speak for themselves. Defendant admits to know conclusions of law cited in paragraph No. 1.

2.    Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on his sex (male); with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

    ANSWER:    Defendant admits the allegations in paragraph No. 2 of plaintiff's complaint.

1

3. Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the United States Department of Justice within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

> ANSWER: Defendant admits the allegations in paragraph No. 3 of plaintiff's complaint.

4. Plaintiff, at all times pertinent hereto, was a person protected by the provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(b).

> ANSWER: Defendant admits that the statute cited in paragraph No. 4 of plaintiff's complaint exists and it speaks for itself. Defendant admits to no conclusions of law contained in paragraph No. 4.

5. Defendant, at all times pertinent hereto, operated and did business within the jurisdiction of this judicial circuit and is an employer as defined by 42 U.S.C. § 2000e(b).

> ANSWER: Defendant admits that it operated and did business within the jurisdiction. Defendant admits to no conclusions of law contained in paragraph No. 5.

6. Plaintiff was employed by Defendant as Vice-President of Harold Washington College from February 14, 2000 until he was terminated September 29, 2000.

> ANSWER: Defendant admits that Plaintiff was employed as Vice-President beginning on February 14, 2000. Defendant admits that he was given notice of a recommendation to terminate him on September 29, 2000, but his termination did not become effective until November 2, 2000.

7. In direct violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the attached Charge of Discrimination, attached hereto as Exhibit A and incorporated herein by reference.

> ANSWER: Plaintiff denies the allegations in paragraph No. 7 of plaintiff's complaint.

8. As a result of Defendant's discriminatory conduct as aforesaid, Plaintiff has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitle to compensatory damages to 42 U.S.C. § 1981 a.

> ANSWER: Plaintiff denies the allegations in paragraph No. 8 of plaintiff's complaint.

9. Defendant's discriminatory conduct as aforesaid, was done with malice and/or reckless indifference to Plaintiff's civil rights. Plaintiff is therefore entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

ANSWER: Plaintiff denies the allegations in paragraph No. 9 of plaintiff's complaint.

**WHEREFORE**, defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508 (d/b/a the City Colleges of Chicago), prays this Honorable Court strike plaintiff's complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

### FIRST AFFIRMATIVE DEFENSE
(Performance Did Not Meet Defendant's Reasonable Expectations)

1. That in order to prove a burden a prima facie case of discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 200e et seq., the plaintiff must establish: (1) he was a member of a protected class, (2) that his job performance was sufficient to meet his employer's legitimate expectations, (3) he was discharged and (4) that his employer sought a replacement for him. Weiss v. Coca-Cola Bottling Company of Chicago, 99 F3d 333, 336 (7th Cir. 1993).

2. That plaintiff's performance while employed with the City Colleges of Chicago was not sufficient to meet defendant's legitimate expectations.

**WHEREFORE**, defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508 (d/b/a the City Colleges of Chicago), prays this Honorable Court strike plaintiff's complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

### SECOND AFFIRMATIVE DEFENSE
(Legitimate Reason for Discharge)

1. Defendant can rebut a prima facie case of discrimination if it can produce a legitimate non-discriminatory reason for discharge. Kirk v. Federal Property Management Corporation, 22 F3d 135, 138 (7th Cir. 1994)

2. Defendant had legitimate non-discriminatory reasons for why plaintiff was discharged.

3

**WHEREFORE**, defendant, BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508 (d/b/a the City Colleges of Chicago), prays this Honorable Court strike plaintiff's complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

    Respectfully Submitted

    Yolande M. Bourgeois
    General Counsel
    City Colleges of Chicago

    By: _____
    KWAME RAOUL
    Staff Counsel
    ARDC # 06217240

Yolande Bourgeois
General Counsel
City Colleges of Chicago
Office of the General Counsel
226 West Jackson Boulevard, 14th Floor
Chicago, Illinois 60606
(312) 553-2920

4